UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>A-PLUS AUTO WHOLESALERS, LLC<br><br>Debtor | Chapter 7<br><br>Case No. 06-20440 |

**APPEARANCES:**

Charles A. Maglieri, Esq.
Advanced Bankruptcy Legal Service, 34 Jerome Avenue, Bloomfield, CT 06002
Counsel for Debtor

Joan E. Pilver, Esq.
Office of the Attorney General, 55 Elm Street, P.O. Box 120, Hartford, CT 06141-0120
Counsel for Creditor State of Connecticut, Department of Revenue Services

John M. Wolfson, Esq.
Feiner Wolfson, LLC, 1 Constitution Plaza, Suite 900, Hartford, CT 06103
Counsel for Objecting Creditor West Service Road Associates

## RULING ON OBJECTION TO CLAIM

KRECHEVSKY, U.S.B.J.

I.

### Issue

At issue is an objection ("the objection") by West Service Road Associates ("West"), a creditor in the Chapter 7 case of A-Plus Auto Wholesalers, LLC ("the debtor"), to the proof of claim filed by another creditor, the State of Connecticut, Department of Revenue Services ("the Department"). West is the former landlord of the debtor under an abandoned lease and has filed a claim for $100,000. The Department's claim is for unpaid sales taxes plus interest arising from the debtor and

its predecessors' filing of false tax returns while operating as used car dealers.

## II.

## Background

### A.

The debtor filed its voluntary Chapter 7 petition on May 24, 2006, and Anthony S. Novak, Esq. was appointed estate trustee ("the trustee"). West filed the objection on April 5, 2007. On August 15, 2007, West and the Department submitted a ten-page document entitled "Stipulation of Facts, Statement of Issues and Exhibits Re: Objection to Claim of [the Department] Filed by [West]" ("the Stipulation").

The court, on September 26, 2007, held a hearing on the objection at which testimony was received. The parties, on November 7 and 8, 2007, filed post-hearing memoranda. West, in the Stipulation, objects to the inclusion of $76,714.75 of interest in the Department's total claim for $218,320.88.

The Statement of Issues, prepared by West, is as follows:

1. The [Department] delayed in collecting from the debtor and based upon the doctrines of waiver, laches and estoppel, should be prohibited from collecting the excessive interest charged in this case;
2. The [Department] allowed the debtor to stay in business when it was in violation of DRS Statutes and Regulations and based upon the doctrines of waiver, laches and estoppel, should be prohibited from collecting the excessive interest charged in this case;
3. The [Department] knew that the debtor was engaged in criminal tax fraud and yet continued to allow it to remain in business and based upon the doctrines of waiver, laches and estoppel, should be prohibited from collecting the excessive interest charged in this case;
4. Equity should prevent the [Department] from collecting the excessive interest charged against the debtor in this case.

### B.

The Department's proof of claim, as noted, primarily consists of unpaid sales

taxes plus interest, allegedly due from the debtor for periods starting in 1998. The debtor's principal, Ralph G. Richard ("Richard"), on June 29, 2006, pled guilty to a charge of falsifying business tax returns and was sentenced to five years in jail, execution suspended with three years probation and a promise to make restitution of $91,803.98. Richard was rearrested on March 27, 2007 for violation of probation.

Richard conducted the used car business through three like-named entities - A-One Wholesale Auto, Inc. from June 25, 1998 to November 30, 2000 ("Bus. I"); A-One Auto Wholesalers, LLC from October 30, 2000 to March 2003 ("Bus. II"); and the debtor from June 26, 2003 to March 7, 2006 ("Bus. III"). In a statement, dated October 20, 2006, Richard submitted to the Department, he confirmed "the assetts [sic] of [Bus. III] were also the assetts [sic] of [Bus. I]. (Exh. J.)

At the September 26, 2007 hearing, counsel made the following statements:

MS. PILVER: I would also ask the Court to take notice that the parties have stipulated to certain facts, and that the Court should take note of that. However, I would also note, your Honor, that most of the facts to which the parties have stipulated would probably not be relevant to this proceeding.

At the time the stipulation of facts was entered into, counsel for the [Department] believed that the objector, [West], was going to be objecting to the tax itself and the correctness of the tax calculations. After discussions and after review of the various documents that were submitted to counsel for [West], they are no long[er] proceeding with an objection on that ground. Rather, they have other objections which were incorporated into a statement of issues, which is also attached to document number 92 [the Stipulation].

They are different from the original objection that was filed by counsel for the objector, and our response which responded to the objector's original objection is also not entirely responsive.

So my understanding is we're simply proceeding today on the issues that are set forth in the objector's statement of issues,

3

|||
|---|---|
| | which is at the end of document number 92 [the Stipulation]. |
| THE COURT: | Okay. I have that. It comprises four paragraphs; is that correct? |
| MR. WOLFSON: | Yes, it is, you Honor. |
| . . . | |
| [MR. WOLFSON:] | Now, we understand that there have been sales taxes which have been audited by the [Department] and returns that have been filed by the Debtor which outline the taxes over the period of time from 1998 through the present for this Debtor. And [West] is not asking this Court to nullify sales taxes which should go to the [Department] for these particular sales. |
| . . . | |
| | However, we are asking that the [Department] relinquish its interest, it's not charging a penalty, but its interest on all this money because it allowed him to keep going. Now, if this was one or two times, this would be one thing, but the magnitude of what they allowed him to do here creates a fraud on the unsecured creditors of this estate, and as a result the [Department's] claim with its interest wipes out the unsecured creditors. |
| | So what we're asking the Court to do is not to take away the [Department's] sales tax money, [to] which we feel the [Department] should be entitled, but rather not allow the [Department] to benefit from interest on money when it didn't do its job. |

(Transcript of 9/26/2007 Hearing at 5-9.)

### III.

### Discussion

### A.

Fed. R. Bank. P. 3001, entitled <u>Proof of Claim</u>, provides in subsection (a): "<u>Form and Content</u>. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Rule 3001(f), entitled <u>Evidentiary Effect</u>, further provides: "A proof of claim executed and

filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The Department's properly executed and filed proof of claim constituted prima facie evidence of the validity and amount of its claim, thereby initially shifting to West the burden of production to rebut the presumption. See <u>In re Allegheny Int'l, Inc.</u>, 954 F2d 167, 173-74 (3d Cir. 1992). ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.") (citations omitted).

### B.

The court will deal first with the fact that, notwithstanding West's Statement of Issues in the Stipulation and its remarks at the hearing that its objection dealt solely with the interest on unpaid sales taxes sought by the Department, in its post-hearing memorandum West asserts that the following:

> [I]t is axiomatic that the Court can exercise its equitable powers to disallow a claim in a situation where a creditor has made a claim for monies, which were incurred from [sic] a debtor other than the Bankruptcy Estate. In this case, the evidence demonstrates that the [Department] is seeking interest on old claims against entities other than the Bankruptcy Estate, that it failed to collect against.

(West Mem. at 2-3.)

West has not sought to amend the Stipulation. Accordingly, the court will not address West's post-hearing argument because it is not included in the Statement of

5

Issues in the Stipulation and contrary to West's representations at the hearing.[1]

## C.

### Laches and Estoppel

The Department, while contending that the defenses of laches and estoppel are not sustainable on the merits of this litigation, argues that they are not available to West as a matter of law.

#### i.

### Laches

Laches is an equitable doctrine that "bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 259 (2d Cir.1997) (citations and internal quotation marks omitted). The Department cited extensive authority that laches cannot be raised as an equitable defense against a sovereign because "no delay should bar [the sovereign's] right ...of preserving the public rights, revenues and property from injury and loss, by the negligence of public officers." St. Regis Mohawk Tribe, New York v. Brock, 769 F.2d 37, 42 (2d Cir.1985) (citations omitted). There are like rulings in Connecticut that the doctrine of laches may not be invoked against the State of Connecticut. See Joyell v. Commissioner of Education, 45 Conn. App. 476, 486 (Conn. App. 1997) ("the doctrine of laches may not be invoked against a governmental agency"); Aronson v. Foohey, 42 Conn. Supp. 348,

---

[1] The trustee has neither appeared nor taken any position in the instant matter. Counsel for the Department, in response to a question from the court, asserted the Connecticut General Statutes provide for the Department to assess successor companies for the unpaid taxes of predecessors under the circumstances present here. (See Transcript of 9/26/2007 Hearing at 41.)

355 (Conn. Super. 1992) (same).

The court sustains the position of the Department and rules that the Department is not subject to the claim of laches.

### ii.

### Estoppel

The reasoning of courts to claims of laches against sovereigns applies with equal force to the doctrine of estoppel.

> [A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury.... [E]stoppel may not generally be invoked against a public agency in the exercise of its governmental functions....

Zoning Commission of Town of Sherman v. Lescynski, 188 Conn. 724, 731 (1982).

The court concludes that West may not invoke the argument of estoppel to support the relief it seeks.

### D.

### Waiver

Waiver is "the voluntary relinquishment or abandonment - express or implied - of a legal right or advantage." Black's Law Dictionary (8th ed. 2004). The record here does not support such a finding - rather it evinces a lengthy effort to collect both the unpaid taxes and the interest.

### IV.

### Conclusion

Based upon the forgoing, the objection of West to the inclusion of $76,714.75

interest in the proof of claim of the Department is overruled.

Dated at Hartford, Connecticut this 30TH day of November, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE